**SABRINA P. SHROFF**  80 BROAD STREET, 19TH FLOOR
ATTORNEY AT LAW  NEW YORK, NEW YORK 10007
TELEPHONE: (646) 763-1490

July 16, 2024

**BY ECF**

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

*United States v. Michols Orsini Quintero*, 19-CR-00144 AKH
**(Mr. Orsini's Sentencing Letter to the Court)**

Dear Judge Hellerstein:

Mr. Orsini, a pilot by trade, has pled guilty to one count of conspiracy to violate and evade the Foreign National Kingpins Designation Act and attendant regulations. *See* Presentence Investigation Report ("PSR") ¶ 4. Specifically, Mr. Orsini while working as a pilot for a flight company, transported a specially designated narcotics trafficker on a chartered flight. *Id.* ¶ 3. His role was simply that – he did not have any proprietary interest in the company and was not paid any more or any less for those flights.

Mr. Orsini already has spent 21 months in prison for his offense, followed by three years of home incarceration/detention.[1] For this and other reasons, the Department of Probation recommends that the Court sentence Mr. Orsini to "Time Served, to be followed by three years supervised release." PSR, Sentencing Recommendation at p. 29. Mr. Orsini joins with Probation and asks that the Court impose that sentence upon him.

Mr. Orsini acknowledges that the requested sentence (21 months) is below the advisory guidelines calculation set forth in the PSR: 30-37 months incarceration. However, he respectfully submits that, based on the facts set forth in the PSR and this letter, and the letters of support from friends and family appended hereto as **Exhibit A**, the § 3553(a) factors and parsimony principle that guides federal sentencing strongly support a non-Guidelines sentence of time served. Such a sentence would also avoid unwarranted sentencing disparities and would be a reasonable sentence given the facts of this case.

---

[1] Mr. Orsini was arrested on March 8, 2019 in his home state of Florida, and appeared in this judicial district on April 10, 2019. He remained jailed at the Metropolitan Detention Center ("MCC") until December 17, 2020, a total of 21 months. PSR at p. 1-2 (Release Status). On December 17, 2020, Mr. Orsini was released from jail on strict conditions, including a $250,000 bond; pretrial supervision; home incarceration with electronic monitoring and a third-party custodian (his wife); and a ban on all visitors, other than family and medical professionals. *Id.* On September 17, 2021, the Court modified Mr. Orsini's conditions to remove home incarceration and add home detention. *Id.* Mr. Orsini has remained fully complaint with all pretrial conditions since his release on December 17, 2020, a total of three-and-a-half years (43 months). *Id.* ¶ 12.

**S**ABRINA **P. S**HROFF, **E**SQ.

Honorable Alvin K. Hellerstein
July 16, 2024
Page 2

In support of his request, Mr. Orsini emphasizes the following facts:

1. With the exception of the instant offense, Mr. Orsini has led an entirely law-abiding life. *See* PSR ¶¶ 55-61. He has not been in any other trouble with the law, neither before the instant offense nor after. *Id.* ¶¶ 10-12.

2. As Probation notes, Mr. Orsini was a "minor" participant in the offense. PSR ¶ 36; *id.* at p. 28 (sentencing recommendation). Unlike his co-defendants, his only role was "being paid to perform certain tasks as it relates to his role as a pilot, he was not involved in the overall operation of American Charter Services nor was he involved in the coordination or planning of flights." *Id.* ¶ 36. Given his minor role, a sentence of the 21 months already served for Mr. Orsini fully accords with the sentences of 22 months (for Marin, a cooperator who lied to the government) and 55 months (for Coro) for his far more culpable co-defendants. *See id.* ¶¶ 7-8.

3. Before being released to home confinement in December 2020, Mr. Orsini spent 21 months imprisoned under conditions at the MCC that reigned there before, but especially during, the pandemic. PSR ¶¶ 10-11. In addition, during these months, his family was unable to visit him due to the distance between Florida and Brooklyn. *Id.*

4. Mr. Orsini continues to pay a price for his wrongdoing. Mr. Orsini's work permit was revoked as a result of his offense, and although he has immigration counsel who is assisting him, he will likely be deported to Venezuela. PSR ¶ 72; *id.* at p. 28. His family – now finally intact – is likely to be broken up again as his children are in school and Mr. Orsini would not want their education disrupted.

5. Mr. Orsini will not reoffend. He truly regrets his role in the offense and is fully rehabilitated. In this regard, he (i) took responsibility for his actions; (ii) pled guilty in a timely manner to his offense; (iii) spent his time in prison taking as many classes as he could; and (iv) has been fully compliant with his conditions of release for the last three plus years. Given all this, it is readily apparent that Mr. Orsini has been both specifically deterred and fully rehabilitated.

## DISCUSSION

For sentencing, this Court takes as its "lodestar the parsimony clause of 18 U.S.C. § 3553(a)." *United States v. Douglas,* 713 F.3d 694, 700 (2d Cir. 2013). That provision directs sentencing courts to "'impose a sentence sufficient, but not greater than necessary, to comply with' the factors set out in 18 U.S.C. § 3553(a)(2)," *i.e.*, "proportionality, deterrence, incapacitation, and rehabilitation." *Id.; see also, e.g., Pepper v. United States*, 562 U.S. 476, 493 (2011); *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006). In addition, the sentencing court may consider any "information concerning the background, character, and conduct" of the defendant, including age, educational and vocational skills, mental and emotional conditions, and lack of guidance as a youth. 18 U.S.C. § 3661.

While the sentencing guidelines comprise one factor for this Court to consider, they are only

**SABRINA P. SHROFF, ESQ.**

Honorable Alvin K. Hellerstein
July 16, 2024
Page 3

one such factor, and "truly are advisory.'" *Douglas*, 713 F.3d at 700 (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). This Court "may not presume that the Guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007); *Nelson v. United States*, 555 U.S. 350, 352 (2009). Here, an individualized assessment of the record facts, the § 3553(a) factors, and application of the overarching parsimony clause, support the requested sentence of time served, followed by three years of supervised release.

### A.  Mr. Orsini's personal characteristics and history support the requested sentence.

It is evident from the letters to the Court from Mr. Orsini's friends and family (*see* Ex. A), and the facts stated in the PSR, that Mr. Orsini is good-hearted and kind person who, in a serious but aberrant lapse of judgment, became a minor participant in the offense. It is equally evident, given his lack of any criminal history and scrupulous adherence to the rules while at MCC and then while on conditional pretrial release to his home, that Mr. Orsini has learned his lesson and will not reoffend. *See* PSR ¶¶ 10-12. Indeed, Mr. Orsini is deeply ashamed for what he did, and for the great harm his reckless actions have caused his wife – Mirger Lisbeth – and two children – Sthefany and Angelo. *Id.* ¶¶ 67-69.

### B.  Additional prison time is not needed to protect the community from Mr. Orsini, or to further punish him.

Mr. Orsini is no threat to anyone and has been punished sufficiently these last five years. Mr. Orsini spent 21 months enduring the horrible conditions at the MCC, followed by more than three years (43 months) of supervisory release and home confinement. Even in "normal" times, courts in this District have acknowledged that "it is no small thing to deprive a person of his or her freedom" because prison "is a harsh environment, in which fear and misery are never far from the surface, boredom is endemic, and privacy is nil." *United States v. Sayoc*, 388 F. Supp. 3d 300, 301 (S.D.N.Y. 2019). But, Mr. Orsini was imprisoned at the MCC when all its institutional failures were exacerbated by a series of extensive lockdowns and the COVID-19 pandemic. *See* PSR ¶ 11 (describing Mr. Orsini terrible experiences while at the MCC). The  unexpectedly severe prison conditions Mr. Orsini experienced provide another strong reason for imposing the time served sentence requested here. As Judge Rakoff put it: "it is fair to say that conditions in the prison system now result in a harshness that is not the norm and that ought to be recognized by the court as a mitigating factor. In effect, you are serving harder time every day you are in the federal prisons." *United States v. Cirino*, 19 Cr. 323 (JSR) (July 17, 2020).[2]

---

[2] *See also United States v. Diaz*, 20 Cr. 305 (DLC), Dkt. No. 52 (Feb. 25, 2021) (recognizing the "circumstances…[of] incarcerat[ion] are harsh and unusual because of the pandemic.  I am going to take that into account in determining what sentence to impose."); *United States v. Garcia*, 20 Cr. 27 (JGK) (Jul. 10, 2020) (explaining that "imprisonment contemplated by the guidelines would be imprisonment under normal circumstances, but [pandemic-era] imprisonment has been anything but normal circumstances."); *United States v. Majaaliwa*, 2017 U.S. Dist. LEXIS 168305, *1-2 (E.D.N.Y. Oct. 6, 2017) ("objectively more severe prison conditions" provide a basis to depart from the [sentencing guidelines] range").

**SABRINA P. SHROFF, ESQ.**

Honorable Alvin K. Hellerstein
July 16, 2024
Page 4

As to supervised release – both the three-and-a-half years already experienced by Mr. Orsini, and any future years the Court may choose to impose – the United States Supreme Court has stressed that supervised release "is not merely 'letting an offender off easily.'" *Gall v. United States*, 552 U.S. 38 (2007). Rather, it involves "substantial restrictions on freedom" that effectively deters and punishes in its own right. *Id.* Here, for example, Mr. Orsini became seriously depressed during his home confinement because of, *inter alia*, his inability to work to help support his family. So much so that, upon motion from the defense, the Court modified Mr. Orsini's bail conditions to include mental health treatment. *See* PSR at p. 1-2 (Release Status) and ¶ 76.

Moreover, Mr. Orsini faces deportation from the United States to Venezuela, having lost his work permit because of his offense. PSR ¶ 72. Mr. Orsini will likely be deported alone, with his wife and children choosing to remain in the United States. This is particularly ironic as Mr. Orsini and his wife struggled in their marriage, briefly separated and then with therapy, have re-united. Although they continue to love each other (*see* Letters of Support), their life is here, and deportation may well be the last straw for relationships already seriously tested by Mr. Orsini's misconduct and resulting time in prison and under supervised release. PSR ¶¶ 67-69. Plainly, for all these reasons, the goal of sufficient punishment already has been met here.

**C. The requested non-guidelines sentence readily meets the sentencing goals of rehabilitation, specific deterrence, and general deterrence.**

This "court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (emphases added); *Pepper v. United States*, 562 U.S. 476, 477 (2011) (holding that, for sentencing purposes, it is the "most up-to-date picture of [a defendant's] history and characteristics" that should be treated as fundamental); *United States v. Rose*, 379 F. Supp. 3d 223, 233-234 (S.D.N.Y. 2019) (observing that, in sentencing a defendant, "the district court [must] be able to consider the most recent evidence of a defendant's life and characteristics, which may be the most probative information available"). The Michols Orsini Quintero that is before the Court at sentencing (i) profoundly regrets his role in the offense; (ii) took complete responsibility for his actions; (iii) pled guilty in a timely manner to his offense; (iv) spent his time in prison quietly, taking as many classes as he could; and (v) has been fully compliant with his conditions of release for the last three plus years. Given all this, it is readily apparent that Mr. Orsini is both specifically deterred and fully rehabilitated.

Further, the requested non-guidelines sentence of the 21 months already served, with an additional three years of supervised release, also will generally deter others who are considering making the same mistake as Mr. Orsini. In this regard, studies have shown that it is the arrest that best deters, not the length of the sentence. *See, e.g.*, Valerie Wright, The Sentencing Project, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, 5-6 (2010), available at http://www.sentencingproject.org/wp-content/uploads/2016/01/Deterrence-in-Criminal-Justice.pdf.[3] Here, anyone who is thinking of helping someone to violate and evade the

---

[3] *See also* Brian Jacobs, "*The Cost of Affording Deterrence*," Forbes (Nov. 16, 2021) (to achieve the aim of general deterrence, "social science conclusively finds that certainty matters more than severity"), available at https://www.forbes.com/sites/insider/2021/11/16/the-cost-of-

**SABRINA P. SHROFF, ESQ.**

Honorable Alvin K. Hellerstein
July 16, 2024
Page 5

Foreign National Kingpins Designation Act has seen the consequences to Mr. Orsini because of his minor role in the instant offense and will be deterred. Certainly, there is no evidence that more prison time will provide any greater general deterrence. Accordingly, the parsimony principle underlying federal sentencing supports the supervisory sentence requested, because it is sufficient, but not greater than necessary to deter Mr. Orsini and others.

## CONCLUSION

An individualized assessment of the § 3553(a) factors in this case and the parsimony principle strongly support a non-Guidelines sentence of time served and three years of supervised release. Accordingly, Mr. Orsini respectfully requests that the Court impose that sentence upon him.

Respectfully submitted,

/s/ Sabrina Shroff
Counsel to Michols Orsini Quintero

SPS/
Exhibit A (Letters of Support)

cc: All counsel of record (by ECF)

---

affordingdeterrence/?sh=6f8975277bd4; U.S. Department of Justice, *Five Things About Deterrence*, National Institute of Justice (May 2016) ("Research shows clearly that the chance of being caught is a vastly more effective deterrent than even draconian punishment."), available at https://www.ojp.gov/pdffiles1/nij/247350.pdf.